IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MERRICK, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2536-M (BK) |
| | § | |
| MICHAEL J. SCOTT, P.C., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, filed March 22, 2011, Plaintiff's *Motion for Attorney's Fees and Costs* (Doc. 11), filed March 17, 2011, is now before the Court. Based on the relevant filings, evidence, and applicable law, the Court recommends that the motion be GRANTED, in part, as set forth herein.

### I. BACKGROUND

On December 14, 2010, Plaintiff sued Defendant for violating the Fair Debt Collection Practices Act (15 U.S.C § 1692, *et seq*). (Doc. 1 at 1; Doc. 14 at 5). Plaintiff, who proceeded to litigation without first attempting to settle the matter, did not claim actual damages as a result of Defendant's alleged violation, but merely sought the maximum statutory damages of $1,000.[1]

---

[1] Counsel for Plaintiff has filed a number of additional cases against Defendant, in this and other districts, seeking the same relief. *See, e.g., Allen v. Michael J. Scott, P.C.*, No. 3:10-CV-02005-F (N.D. Tex. Oct. 5, 2010); *Merrick v. Michael J. Scott, P.C.*, No. 3:10-CV-02172 (N.D. Tex. Oct. 28, 2010); *Martinez v. Michael J. Scott, P.C.*, No. 1:10-CV-00297 (N.D. Tex. Dec. 22, 2010)*; Latham v. Michael J. Scott, P.C.*, No. 1:10-CV-00299 (N.D. Tex. Dec. 30, 2010); *Barrington v. Michael J. Scott, P.C.*, No. 3:11-CV-00083 (N.D. Tex. Jan. 13, 2011); *Glasgow v. Michael J. Scott, P.C.*, No. 6:11-CV-00008 (E.D. Tex. Jan. 4, 2011); *Strain v. Michael J. Scott, P.C.*, No. 6:11-CV-00002 (W.D. Tex. Jan. 5, 2011); *Hernandez v. Michael J. Scott, P.C.*, No. 5:10-CV-01051(W.D. Tex. Dec. 28, 2010); *Sedesky v. Michael J. Scott, P.C.*, No. 10-CV-00467 (S.D. Tex. Nov. 30, 2010) .

(Doc. 1 at 3).

On February 25, 2011, the parties settled the dispute; and under the bifurcated settlement agreement, Defendant paid Plaintiff $1,000 in statutory damages, while the issue of attorney's fees was reserved to the Court. (Doc. 9 at 1).  On March 17, 2011, Plaintiff filed his *Motion for Attorney's Fees and Costs*, requesting a total of $3,377.00 in attorney fees.  (Doc. 11 at 9). Plaintiff also requests $405 in costs for filing and serving the complaint.  (Doc. 11 at 15).

Defendant responds that Plaintiff's requested attorney's fees should be reduced to $1,035.00, arguing, *inter alia*, that: 1) the nature and extent of services claimed by Plaintiff's counsel are excessive and not properly chargeable; 2) Plaintiff's counsel's hourly rates are not reasonable or customary; and 3) under the facts and circumstances of the case, Plaintiff's counsel's fee should be further discounted.  (Doc. 16 at 2).

## II.  APPLICABLE LAW

The Fair Debt Collection Practices Act (FDCPA) states, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person [for damages and,] … in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a).  In adjudicating an attorneys' fee award, a court must first calculate the "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates, and the "district court must determine whether the

2

hours claimed were 'reasonably expended on the litigation.'" *Louisiana Power*, 50 F.3d 324 (citations omitted).

Counsel for the parties seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and with proving that they exercised billing judgment. *Walker v. U.S. Dept. of Housing and Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996). Billing judgment refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours. *Id*. Time charged for work that is excessive or duplicative should be excluded. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993). Moreover, the fee applicant should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *Louisiana Power & Light Co.*, 50 F.3d at 324. When there is no evidence of the exercise of billing judgment, the remedy is to reduce the hours awarded by a percentage. *Walker*, 99 F.3d at 770.

In final step of the lodestar method, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989).[2] *Id.* at 331. "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel.*

---

[2] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19).

*Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

### III. ANALYSIS

In the instant case, the parties have stipulated that Plaintiff is the "prevailing party" and, therefore, entitled to recover his attorney's fees. (Doc. 11, App. A at 3-4). The only issue before the Court, then, is whether Plaintiff's counsel's requested fees are reasonable. The Court finds Plaintiff's costs of $405.00 to be appropriate and properly shifted to Defendant under the FDCPA. In addition, based on the submissions of the parties, the Court finds Plaintiff's hourly rate of $290.00 is reasonable and customary in this district. However, after reviewing the submissions of the parties, the Court finds the total hours claimed by Plaintiff to be unreasonable and recommends reducing the fee award accordingly.

Plaintiff claims 11.3 billable attorney hours at $290 per hour, and .8 hour of paralegal work at $125 per hour. (Doc. 11 at 9). The Court recommends that the attorney hours be reduced by 5.8 hours, and the paralegal fee be eliminated altogether, for the reasons that follow.

A review of Plaintiff's submission reveals that his counsel requests to be compensated for purely clerical work, including: organizing letters, opening a file in a database, updating the attorney's file, filing papers with the court, and receiving ECF notices. (Doc. 11, App. B). The time billed for paralegal work is also clerical in nature -- consisting of preparing documents for filing, procuring filing fees from accounting, and sending and receiving documents from the process server. (Doc. 11, App. B). However, attorney's fees should not be awarded for clerical work which can be easily performed by support staff. *See Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325-26 (5th Cir. 1980).

Moreover, the Court finds that some entries in counsel's submission are duplicative. And much of the work for which counsel seeks compensation here is identical to that performed in every case he has filed involving the same defendant. For example, Plaintiff's 17-page motions for attorney fees are word for word in all the cases filed against and settled with Defendant, save for the half-page background sections, however, Plaintiff claims 4.1 hours for its preparation.

Finally, the Court has determined that it is appropriate to further reduce the requested fee because Plaintiff has failed to carry his burden of demonstrating the proper exercise of billing judgment. Plaintiff's counsel's practice of summary billing makes it difficult for the Court to determine the actual amount claimed for specific tasks. Accordingly, it is recommended that Plaintiff's fee request be reduced by fifteen percent for his failure to exercise billing judgment. *See Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir.1996) ("The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."); *Cambridge Toxicology Group, Inc. v. Exnicios,* 495 F.3d 169, 181 -182 (5th Cir. 2007) (same).

## IV. CONCLUSION

IT IS RECOMMENDED that Plaintiff's *Motion for Attorney's Fees and Costs* (Doc. 11) be **GRANTED in part,** and Plaintiff be awarded $1760.75, to be paid directly to Plaintiff; consisting of $1355.75 in attorney's fees and $405.00 in costs. All other relief requested should be **DENIED**.

**SIGNED** June 22, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE